## METZ v. MILLER.

### (Supreme Court, Appellate Term. December 16, 1908.)

1. BROKERS (§ 60*)—RIGHT TO COMMISSIONS.

    Under a contract by which a broker was entitled to a commission as soon as a sale was effected, to be paid after delivery of the goods, he was entitled to payment of the commission upon sale and delivery, though the sale, which was enforceable, was afterwards rescinded by the seller and buyer.

    [Ed. Note.—For other cases, see Brokers, Cent. Dig. § 91; Dec. Dig. § 60.*]

2. CUSTOMS AND USAGES (§ 19*)—EVIDENCE.

    Where the terms of a broker's contract were clear and precise, needing no explanation, evidence of usage was inadmissible to explain their meaning.

    [Ed. Note.—For other cases, see Customs and Usages, Cent. Dig. § 42; Dec. Dig. § 19.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Bernard Metz against Henry C. Miller. Judgment for plaintiff, and defendant appeals. Affirmed.

Argued before GIEGERICH, HENDRICK, and FORD, JJ.

Edward S. Peck, for appellant.

Horwitz & Wiener (Frederick L. Guggenheimer, of counsel), for respondent.

HENDRICK, J. The action here was based on a special contract between the parties, and not on a mere employment of a salesman to

---

sell goods. The plaintiff was a commission broker, and under the terms of his contract he earned his commission as soon as his sale was effected, although the time of payment was postponed till after the delivery. The facts, which are undisputed, show that the plaintiff effected a sale to Cohen of 200 pieces of silk, and that such silk was actually delivered. The plaintiff had, therefore, not only earned the commission, but had become entitled to its payment. The fact that subsequently there was a rescission of the contract of sale between the defendant and Cohen does not affect the plaintiff's rights. The defendant might have enforced the contract against Cohen, if he had chosen so to do. The evidence of usage introduced by the defendant on the trial does not avail him, for the terms of the contract were neither uncertain nor ambigious. Upon the specific point raised, the contract was clear and precise, and required no explanation. The subsequent sale of goods to Cohen by the defendant also entitled the plaintiff to a commission. Cohen was a person who had been introduced to the defendant by the plaintiff, and this came within the precise class defined by the contract.

Judgment affirmed, with costs. All concur.